

FILED
JAN 26 2016
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | | |
|---|---|---|
| KIM PADDOCK, Individually and on Behalf of the Class, | * * * | CIVIL ACTION NO. 3:16cv049 |
| VERSUS | * * * | JUDGE: |
| SUNTRUST MORTGAGE, INC. | * * | MAGISTRATE: |

**********************************************************************

## CLASS ACTION COMPLAINT FOR DAMAGES, STATUTORY PENALTIES, AND INJUNCTIVE RELIEF

The Complaint of Plaintiff, KIM PADDOCK, domiciled in the County of Canyon in the State of Idaho, on behalf of all others similarly situated, respectfully represents the following:

### NATURE OF THE CASE

1.

This suit asserts allegations that Defendant, SUNTRUST MORTGAGE, INC. ("SunTrust Mortgage"), violated the Telephone Consumer Protection Act (47 U.S.C. § 227) (TCPA) with its marketing and advertising campaigns by placing phone calls to cellular telephones (or to a telephone number assigned to a service for which the called party is charged for the call) using an artificial or prerecorded voice or an automatic telephone dialing system and equipment which has

the capacity to store or produce telephone numbers to be called, using a random or sequential number generator, and to dial such numbers. In particular, SunTrust Mortgage advertised its mortgage and lending services and products by placing thousands of phone calls since October 16, 2013 using an artificial or prerecorded voice and an automatic telephone dialing equipment to cellular phone subscribers without their prior express written consent. The placing of phone calls to cellular phone lines with automatic telephone dialing equipment without the recipients' written consent violates 47 U.S.C. § 227(b)(1)(A).

2.

This suit is brought on behalf of all recipients of telephone calls placed by or on behalf of SunTrust Mortgage to the recipients' cellular telephones using an artificial or prerecorded voice or an automatic telephone dialing system since October 16, 2013.

3.

Plaintiff, on behalf of herself and a class of similarly situated persons or legal entities, brings this suit under the TCPA for injunctive relief and an award of compensatory and statutory damages, together with costs, reasonable attorneys' fees, and pre-judgment interest.

## JURISDICTION AND VENUE

4.

This Honorable Court is vested with jurisdiction over this action under the Telephone Consumer Protection Act of 1991 (47 U.S.C. § 227) ("TCPA" or "Act"). The TCPA expressly creates a private right of action for damages and injunctive relief by a person who suffers a violation of the statute, and jurisdiction to federal district courts to consider and decide such cases or controversies. 47 U.S.C. § 227(b)(3).

5.

In addition, the Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332(d), because (a) at least one member of the putative class is a citizen of a state different from Defendant, (b) the amount in controversy exceeds $5,000,000, exclusive of interest and costs, and (c) none of the exceptions under that subsection apply to this action.

6.

Venue in this District is appropriate pursuant to 28 U.S.C. § 1391(b) because Defendant SunTrust Mortgage resides in the Eastern District of Virginia, and a substantial part of the events or omissions giving rise to the claim occurred in this District. In particular, the phone calls that are the subject of this suit were made at the direction and for the benefit of SunTrust Mortgage, and the decisions to place these calls were made from its headquarters located in the Eastern District of Virginia.

## **DESCRIPTION OF THE PARTIES**

6.

Plaintiff party is:

KIM PADDOCK, an individual domiciled in the County of Canyon and State of Idaho. Plaintiff received multiple phone calls from SunTrust Mortgage on her cellular telephone since October 16, 2013 without giving her prior express written consent. The most recent phone call, placed with an artificial or prerecorded voice and an automatic telephone dialing system, was received on December 17, 2015. She received at least two (2) other phone calls from SunTrust Mortgage on days prior to December 17, 2015.

7.

Defendant party is:

SUNTRUST MORTGAGE, INC. ("SunTrust Mortgage"), a domestic corporation headquartered in Virginia with its principal place of business located at 901 Semmes Avenue, Richmond, VA 23224. SunTrust Mortgage transacts business in the State of Virginia issues mortgages and provides mortgage services and products to customers in Virginia and across the country.

## FACTUAL ALLEGATIONS

### General Overview of the TCPA

8.

In 1991, Congress enacted the Telephone Consumer Protection Act, 47 U.S.C. § 227 (TCPA), in response to a growing number of consumer complaints regarding certain telemarketing practices.

9.

The TCPA regulates, among other things, the use of automated telephone dialing systems, or "autodialers." The plain language of section 227(a)(1) defines an autodialer as "equipment which has the capacity – (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers. Further, the plain language of section 227(b)(1)(A)(iii) prohibits the use of autodialers to make any call to a wireless phone number in the absence of an emergency or the prior express consent of the called party.

10.

According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are

prohibited because, as Congress found, these calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.

11.

Equipment that has the capacity to "store or produce telephone numbers to be called, using a random or sequential number generator," is sufficient to satisfy the statutory definition of an automatic telephone dialing system ("ATDS"), even if that capacity is not used. To require actual use of the equipment's capacity to store or produce numbers using a random or sequential generator would render the phrase "which has the capacity"' mere surplusage. Congress included a definition that provides that the equipment need only have *the capacity* to store or produce numbers. Therefore, the plain text of the statute requires only the "capacity" for such random or sequential generation. Accordingly, a system need not actually store, produce or call randomly or sequentially generated telephone numbers, it need only have the capacity to do it to meet the definitions of ATDS.

12.

Thus, telephone calls made to wireless phone numbers placed using equipment with the capacity to meet the definition of an ATDS are expressly prohibited in the absence of the prior express consent of the subscriber.

13.

In addition, any call made to a cellular phone using an artificial or prerecorded voice without the prior express consent of the recipient is also a violation of the TCPA.

14.

Under the TCPA and pursuant to the FCC's January 2008 Declaratory Ruling, the burden is

on SunTrust Mortgage to demonstrate that Plaintiff provided express consent within the meaning of the statute.

**Transmitting and Receipt of the Calls**

15.

At all relevant times, Plaintiff was an individual residing in the State of Idaho. Plaintiff is, and at all times mentioned herein, a "person" as defined by 47 U.S.C. § 153(32).

16.

SunTrust Mortgage made, or caused to be made, thousands of unsolicited phone calls advertising its services to Plaintiff and the Class.

17.

Defendant made phone calls to the cellular telephones of Plaintiff and the Class members using an "automatic telephone dialing system" and an artificial or prerecorded voice as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

18.

The complained of phone calls were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

19.

None of the recipients of the phone calls gave their "prior express consent" allowing Defendant to transmit the phone calls to them.

20.

Identical phone calls made using an "automatic telephone dialing system" and artificial or prerecorded voice were similarly sent on repeated occasions to other cellular phone numbers belonging to the members of the class since October 16, 2013. None of those subscribers gave

Defendant their prior express consent to receive the phone calls and they were not made for emergency purposes. All of the phone calls advertised Defendant's mortgage services.

21.

Upon information and belief, all of the phone calls were sent from the phone number "888-217-1585." This phone number is subscribed to either by Defendant or by a company or companies retained by Defendant to transmit marketing calls on its behalf.

22.

Plaintiff received at least three (3) phone calls from Defendant. The most recent phone call received by Plaintiff was on December 17, 2015 at 10:36 AM, which was substantially similar to the other two (2) phone calls she received on December 15, 2015 at 9:01 AM and on December 16, 2015 at 9:08 AM.

23.

This phone call, and all of the others received by Plaintiff, was sent by phone number 888-217-1585. Upon information and belief, this phone number belongs to SunTrust Mortgage or a company retained by Sun Trust Mortgage to make these calls.

24.

The calls received by Plaintiff and transmitted by SunTrust Mortgage were sent to Plaintiff's cellular telephone and were sent without Plaintiff's prior consent.

25.

Similar or identical phone calls were made to thousands of cellular telephone numbers subscribed to the class members since October 16, 2013 in violation of the TCPA. None of those subscribers gave Defendant their prior express written consent to receive the calls and they were not made for emergency purposes.

26.

The phone calls made to the thousands of cellular telephone numbers subscribed to by the class members since October 16, 2013 caused each class member to sustain actual damages including costs associated with loss of use of their cellular phones, interruption of other usage of the cellular phones, nuisance, annoyance, invasion of privacy, additional costs incurred when the number of calls in a given month exceeds his cell phone data plan and/or the costs of minutes associated with his cell phone plan.

## CLASS ALLEGATIONS

27.

Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b) on behalf of himself and the following Class ("The Class"): All persons in the United States to whom SunTrust Mortgage made a call to their wireless phones using an artificial or prerecorded voice or equipment capable of dialing numbers without human intervention between October 16, 2013 and the present, and excluding those persons who provided prior express written consent to receive such calls. Excluded from the Class are all judges and Court personnel employed by the United States District Court for the Eastern District of Virginia and all officers, directors and employees of Defendant.

28.

The Class consists of thousands of individuals and legal entities who are geographically dispersed making joinder impractical, in satisfaction of Federal Rule of Civil Procedure 23(a)(1). The exact size of the respective classes and identities of the individual members thereof are ascertainable through Defendant's records, or the records of their representatives, including but not limited to the transmission logs.

29.

The claims of Plaintiff are typical of the claims of the class members. The claims of Plaintiff and the respective class members are based on the same legal theories and arise from the same unlawful and willful conduct, resulting in the same injury to Plaintiff and the class members.

30.

The class members have a well-defined community of interest. Defendant acted and failed to act on grounds generally applicable to Plaintiff and the respective class members, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the respective class members.

31.

There are numerous questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect only individual class members within the meaning of Federal Rule of Civil Procedure 23(a)(2) and 23(b)(3).

32.

Absent a class action, most of the respective class members would find the cost of litigating their claims to be prohibitive, and will have no effective remedy. The class treatment of common questions of law and fact is also superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the courts and the litigants, and promotes consistency and efficiency of adjudication.

33.

Common questions of fact and law affecting members of the Class include, but are not limited to, the following:

(a)     Whether Defendant's conduct violates 47 U.S.C. § 227(b)(1)(A);

(b) Whether Defendant's phone calls were made for an emergency purpose;

(c) Whether Defendant obtained the phone call recipients' prior express written consent;

(d) Whether Plaintiff and members of the Class are entitled to damages, costs and/or attorney's fees from Defendant;

(e) Whether Plaintiff and members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct; and

(f) Whether Plaintiff and members of the Class are entitled to a permanent injunction enjoining Defendant from continuing to engage in its unlawful conduct.

34.

Plaintiff will fairly and adequately represent and protect the interests of the respective class members. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions. Plaintiff and her counsel are committed to vigorously prosecuting this action on behalf of the respective class members, and have the financial resources to do so. Neither Plaintiff nor her counsel has any interest adverse to those of the respective class members.

35.

This action is brought and may properly be maintained as a class action pursuant to the provisions of Federal Rule of Civil Procedure 23(b). This action satisfies the numerosity, commonality, typicality, adequacy, predominance, and superiority requirements of these statutory provisions and the jurisprudence of the courts.

## **LIABILITY PURSUANT TO THE TCPA**

36.

Plaintiff re-alleges and incorporates by reference the allegations set forth in each of the preceding paragraphs of this Complaint.

37.

Defendant made, or caused to be made, calls to Plaintiff and the Class using an automatic telephone dialing system or artificial or prerecorded voice, within the meaning of 47 U.S.C. § 227(a). The equipment used by Defendant had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator, and to dial such numbers. By using such equipment, defendant, or its agent, was capable of making thousands of calls to the subscribers of cellular phone numbers automatically without human intervention. All of the calls were made with an artificial or prerecorded voice.

38.

These calls were made *en masse* without the prior express written consent of Plaintiff and the other members of the Class.

39.

Thus, Defendant violated the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii), which makes it "unlawful for any person within the United States...to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice...to any telephone number assigned to a...cellular telephone."

40.

Plaintiff received, most recently on December 17, 2015, a phone call made by or on behalf of SunTrust Mortgage on her cellular telephone. The phone call she received was made using an artificial or prerecorded voice.

41.

On December 15, 2015 and December 16, 2015, Plaintiff received at least two (2) other

phone calls made by or on behalf of SunTrust Mortgage on her cellular telephone.

42.

Between October 16, 2013 and the present, Plaintiff has received a multitude of calls, as defined and set forth in 47 U.S.C. § 227(b)(1)(A), made by or on behalf of SunTrust Mortgage on her cellular telephone.

43.

All of these calls were sent without Plaintiff's prior express written consent and in violation of 47 U.S.C. § 227 *et seq.*

44.

All of the calls were received by Plaintiff on her cellular telephone, ending with numbers 6418. The costs for services for the cellular telephone number on which Plaintiff received the calls are paid by Plaintiff. Thus, Plaintiff incurs all of the costs associated with the receipt of the calls on that cellular telephone, including cost of service, cost of the cellular telephone, inconvenience, interruption of other usage of the cellular telephone, and the invasion of privacy.

45.

Plaintiff is entitled to recovery of statutory damages as provided for by 47 U.S.C.A. § 227 *et seq.*, specifically including 47 U.S.C. 227(b)(3)(A).

46.

Pursuant to 47 U.S.C. § 227(b)(3), a person or entity may bring a private action to recover for actual monetary loss from a violation of the TCPA, or to receive $500 in damages for each such violation, whichever is greater.

47.

Accordingly, as a proximate result of Defendant's conduct, the Class has incurred actual

damages associated with the cost of the receipt of the phone calls, usage of cellular phone minutes and plan allowances, inconvenience, and the invasion of the recipient's privacy.

48.

Further, in the alternative, the Class is entitled to recover statutory damages under the Act, as set forth above, based on the placing of the phone calls by Defendant.

49.

In addition, if the court finds that Defendant willfully or knowingly violated the TCPA, the Court may, in its discretion, increase the amount of the award to an amount equal to not more than three (3) times the amount available under 47 U.S.C. § 227(b)(3).

50.

Additionally, the Class seeks injunctive relief requiring that Defendant be enjoined from placing or transmitting additional phone calls and text messages in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(A).

## **DEMAND FOR PRESERVATION**

51.

Plaintiff also specifically demands that Defendant retain and preserve all records related to the allegations in this Complaint. Specifically, Plaintiff's demand for preservation includes, but is not limited to, the following documents and information:

(1)  Recordings and transcripts of all telephone calls made since October 16, 2013, with corresponding dates when those calls were placed;

(2)  Any and all training materials used for persons responsible for making telemarketing calls since October 16, 2013, with corresponding dates when those training materials were used;

(3)  List of all phone numbers to which telephone calls were made since October 16, 2013;

(4) List of all persons or phone numbers who requested to opt-out of receiving telephone calls since October 16, 2013;

(5) Any and all documents, including but not limited to invoices, transmission logs, or summary logs, provided to you by any company or person you retained to transmit telephone calls on your behalf;

(6) Any proof Defendant contends shows that it obtained the prior express written consent of any recipient of the telephone calls;

(7) Any and all transmission or phone logs showing dates of transmission, receipt or identity of recipient of telephone calls sent by Defendant or on their behalf since October 16, 2013;

(8) Copies of any and all policies or procedures implemented by Defendant with regard to the transmission of telemarketing phone calls, as well as marketing activities and restrictions;

(9) Documents related to Defendant's cost for transmitting the telemarketing telephone calls placed by Defendant or on its behalf since October 16, 2013; and

(10) Demand is made on Defendant to notify any third parties or vendors retained by it to place telephone calls of this preservation demand and request production of any documents requested through this demand.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and as representative of all other persons similarly situated, prays for judgment against Defendant, as follows:

(1) An Order certifying the Class under the appropriate provisions of F.R.C.P. 23 and appointing Plaintiff and his counsel to represent the Class;

(2) For compensatory damages as alleged herein;

(3) For statutory penalties as provided for under 47 U.S.C. § 227(b)(3);

(4) For an injunction restraining Defendant from making any more telephone calls to cellular telephone without prior express written consent using equipment meeting the definition of an Automatic Telephone Dialing System or an artificial or prerecorded voice;

(5) For pre-judgment interest from the date of filing this suit;

(6) For reasonable attorney's fees;

(7) For all costs of this proceeding; and

(8) For all general, special, and equitable relief to which Plaintiffs and the members of the Class are entitled by law.

## JURY DEMAND

Plaintiff demands trial by jury on all counts for which a jury trial is permitted.

RESPECTFULLY SUBMITTED,

January 20, 2016

BY: _/s/ Christopher Colt North_
CHRISTOPHER COLT NORTH, VSB #16955
WILLIAM L. DOWNING, VSB #17704
THE CONSUMER AND EMPLOYEE RIGHTS LAW FIRM, P.C.
751A Thimble Shoals Blvd.,
Newport News, VA 23606
Telephone: (757) 873-1010
Facsimile: (757) 873-8375
cnorthlaw@aol.com
wdowninglaw@aol.com

PHILIP BOHRER (*Pro Hac Vice* to be filed)
SCOTT E. BRADY (*Pro Hac Vice* to be filed)
BOHRER BRADY, L.L.C.
8712 Jefferson Highway, Suite B
Baton Rouge, Louisiana 70809
Telephone: (225) 925-5297
phil@bohrerbrady.com
scott@bohrerbrady.com

JOPHN P. WOLFF, III (*Pro Hac Vice* to be filed)
CHRISTOHER K. JONES (*Pro Hac Vice* to be filed)
KEOGH, COX & WILSON, LTD.
701 Main Street
Baton Rouge, Louisiana 70808
Telephone: (225) 383-3796
jwolff@keoghcox.com
cjones@keoghcox.com